Cameron S. Reuber
Peter T Busch
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
reuber@leasonellis.com
busch@leasonellis.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SMOKO, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> TREND NATION, LLC and SILVERHOOKS, LLC, <br><br> *Defendants*. | Civil Action No.: 1:17-cv-06282 <br><br> ECF Case |

**COMPLAINT**

Plaintiff Smoko, Inc. ("Plaintiff" or "Smoko"), by and through its attorneys, Leason Ellis LLP, for its Complaint against Defendant Trend Nation, LLC ("Trend Nation") and Defendant Silverhooks, LLC ("Silverhooks"), collectively the "Defendants," on personal knowledge as to Smoko's own activities and on information and belief as to the activities of Defendants, allege the following:

**NATURE OF THIS ACTION**

This is a civil action for willful copyright infringement in violation of 17 U.S.C. § 101 *et seq*. Smoko is the copyright owner of original works of art depicting cartoon unicorns for use on footwear. Defendants use Smoko's designs in connection with Defendants' promotion and

1

sale of identical products throughout the United States and such use constitutes an unauthorized reproduction, display, distribution, publication and utilization of the designs. Smoko seeks, *inter alia*, injunctive relief prohibiting further infringement of its rights to the designs, an award of damages compensating Smoko for the unauthorized use, and the costs of the action awardable under 17 U.S.C. § 505.

## THE PARTIES

1. Plaintiff Smoko, Inc. is a California corporation with its principal place of business at 1139 Westminster Avenue, Suite E, Alhambra, California, 91803.

2. Defendant Trend Nation, LLC is a limited liability company organized under the laws of Nevada with a principal office at 4151 N Pecos Road, Suite 200, Las Vegas, NV 89115 and a website at https://www.trendnation.com.

3. Trend Nation, on information and belief, has notified the Office of the Nevada Secretary of State, that its Agent for service of process is Bradley Howard, residing at 8209 Swan Lake Avenue, Las Vegas, NV 89128.

4. Trend Nation, on information and belief, has notified Amazon.com that its counsel, Dickinson Wright PLLC, located at 8363 West Sunset Road, Suite 200, Las Vegas, NV 89113, will accept service of process on behalf of Trend Nation.

5. Silverhooks, LLC is a limited liability company organized under the laws of Nevada with a principal office at 4151 N Pecos Road, Suite 200, Las Vegas, NV 89115 and a website at https://www.silverhooks.com/.

6. Silverhooks on information and belief, has notified the Office of the Nevada Secretary of State, that its Agent for service of process is Bradley Howard, residing at 730 W. Cheyenne Avenue, #60, Las Vegas, NV 89030.

7. Silverhooks, on information and belief, has notified Amazon.com that its counsel, Dickinson Wright PLLC, located at 8363 West Sunset Road, Suite 200, Las Vegas, NV 89113, will accept service of process on behalf of Silverhooks.

8. Upon information and belief, Silverhooks is a subsidiary of Trend Nation.

## JURISDICTION AND VENUE

9. This Complaint alleges causes of action under the Copyright Laws of the United States, Title 17 of the United States Code so as to confer that Court with subject matter jurisdiction pursuant to that Section as well as under 28 U.S.C. §§ 1331, 1338, and 2201.

10. The Court has subject matter jurisdiction over the claims alleged herein under 28 U.S.C. § 1332 for diversity jurisdiction, as the parties are citizens of different States and, upon information and belief, the amount in controversy exceeds $75,000.

11. This Court has personal jurisdiction over Defendants pursuant to New York's long-arm statute, NY CPLR § 302(a) because: (1) Defendants have committed, and continue to commit, acts of infringement in the Southern District of New York through solicitation of business, advertising and sale of products online to customers in this district; (2) Defendants have purposefully directed their infringing conduct toward New York residents, which caused and continues to cause harm to Plaintiff who sells its product in New York; and (3) Defendants purposefully directed their activities toward the Southern District of New York when it willfully infringed Plaintiff's intellectual property rights by continuing to offer to sell in this district after being on notice as to Plaintiff's claims.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) in that Defendants have committed acts of infringement in this district and are subject to personal jurisdiction in this district.

## FACTS COMMON TO ALL COUNTS

13. Smoko is a prominent designer, retailer, and distributor of variety of creatively designed home goods, novelty items, apparel, lamps, bags, books, gadgets and other items. In order to protect Smoko's products against unauthorized reproductions, Smoko routinely applies for and receives copyright registrations for its unique goods.

14. Smoko's original designs are (and have been) sold throughout the United States and within this district; they are the lifeblood of Smoko's business. Indeed, it is the novelty, quality, and distinctiveness of its designs that sets Smoko apart from its competitors.

**Smoko's Unicorn Designs**

15. Among the assortment of whimsical products that Smoko offers for sale are various unicorn-themed slippers, lamps, and other apparel having a distinctive look and feel as provided by the unicorn design. The history of Smoko's unicorn-themed designs dates back at least to 2015.

16. In particular, Smoko sells a pair of Unicorn Light Up Plush Slippers that applies Smoko's unique unicorn-themed designs to a standard slipper design (the "Slipper Design"). In furtherance of protecting this design, Smoko has applied for, and received registrations Nos. VA 2-022-730 and VA 2-034-064 covering the Slipper Design (collectively, the "Slipper Copyrights").

    a. **The 2-D Design**

17. In or about January 2016, Smoko created an original and creative 2-D work of art of a cartoon unicorn design for use regarding its products (the "2-D Design"). Photographs of the design are attached hereto as **Exhibit A**.

18. Smoko first "published" (as that term is defined in the Copyright Act) the 2-D Design on or about January 30, 2016.

19. The 2-D Design constitutes an original work of authorship and copyrightable subject matter under the laws of the United States, 17 U.S.C. § 101 *et seq*. Smoko is the owner of record of the 2-D Design and owns all right, title and interest therein necessary to independently bring the instant action.

20. Smoko has complied in all respects with the provisions of the copyright law of the United States and has secured all of the rights and privileges in and to the 2-D Design (as well as the copyright therein) necessary to independently bring the instant action.

21. Smoko has duly registered its copyright in the 2-D Design with the U.S. Copyright Office and is the owner of record of U.S. Copyright Registration No. VA 2-022-730 for the 2-D Design, which has an effective date of May 16, 2016. A true and correct copy of the Certificate of Registration for the copyright in this work is attached hereto as **Exhibit B.**

22. All products bearing copies of the work have been sold in conformity with the provisions of the copyright law of the United States and Smoko has fully complied in all respects with the provisions of the U.S. Copyright Act with respect to the 2-D Design.

23. At all times since it created the 2-D Design, Smoko has been, and still is, the exclusive holder of all rights, title and interest in and to the copyright therein.

   b. **The 3-D Design**

24. In or about January 2016, Smoko created an original and creative 3-D work of art of a cartoon unicorn design for use regarding its products (the "3-D Design"). Photographs of the design are attached hereto as **Exhibit C**.

25. Smoko first "published" (as that term is defined in the Copyright Act) the 3-D Design on or about January 30, 2016.

26. The 3-D Design constitutes an original work of authorship and copyrightable subject matter under the laws of the United States, 17 U.S.C. § 101 *et seq*. Smoko is the owner

5

of record of the 3-D Design and owns all right, title and interest therein necessary to independently bring the instant action.

27. Smoko has complied in all respects with the provisions of the copyright law of the United States and has secured all of the rights and privileges in and to the 3-D Design (as well as the copyright therein) necessary to independently bring the instant action.

28. Smoko has duly registered its copyright in the 3-D Design with the U.S. Copyright Office and is the owner of record of U.S. Copyright Registration No. VA 2-034-064 for the 3-D Design, which has an effective date of November 28, 2016.  A true and correct copy of the Certificate of Registration for the copyright in this work is attached hereto as **Exhibit D.**

29. All products bearing copies of the work have been sold in conformity with the provisions of the copyright law of the United States and Smoko has fully complied in all respects with the provisions of the U.S. Copyright Act with respect to the 3-D Design.

30. At all times since it created the 3-D Design, Smoko has been, and still is, the exclusive holder of all rights, title and interest in and to the copyright therein.

**Defendants' Infringing Conduct**

31. In or about **July 2017**, Smoko became aware that Defendants were offering for sale on multiple Amazon.com listings, Silverhook's own website at https://www.silverhooks.com/silver-lilly-light-up-unicorn-slippers, and on a website of nation-wide retailer Wal-Mart at https://www.walmart.com/ip/Silver-Lilly-Rainbow-LED-Light-Up-Unicorn-Plush-Novelty-Animal-Slippers/148492917, a unicorn slipper product named "Light Up LED Unicorn Slippers" under a trading name of Silver Lilly that was identical in design to the Slipper Design (hereinafter, the "Infringing Product").  The Amazon Standard Identification Numbers ("ASINs") by which these listings were identified were B0732P2MX8, B0732LZLH7, B0732TJ28S, and B0732NFV3Y.  A true and accurate copy of a screenshot taken July 26, 2016

6

of one of Defendant's Amazon listings which offered to sell the Infringing Product is attached as **Exhibit E**.

32. Upon information and belief, "Silver Lilly" is a trading name for Defendant Trend Nation and/or Defendant Silverhooks. *See* https://www.trendnation.com/our-brands/.

33. Prior counsel for Smoko sent a cease and desist letter to Defendant Silverhooks on or about July 13, 2017, which put Defendants on actual notice as to Smoko's Slipper Design.

34. On or about July 26, 2017, Smoko submitted a first Amazon Rights Infringement Report to Amazon against ASIN: B0732LZLH7 under a good faith belief that the Infringing Product sold therein was an unauthorized reproduction of its Slipper Design and infringed the Slipper Copyrights ("First Amazon Report").

35. On or about July 26, 2017, Amazon notified Smoko that it had reviewed the First Amazon Report and removed the content associated with the ASIN: B0732LZLH7 listing on which Defendants sold the Infringing Product.

36. On or about July 31, 2017, Smoko submitted a second Amazon Rights Infringement Report to Amazon against ASINs: B0732TJ28S and B0732NFV3Y under a good faith belief that the Infringing Product sold therein was an unauthorized reproduction of its Slipper Design and infringed the Slipper Copyrights ("Second Amazon Report").

37. On or about August 1, 2017, Amazon notified Smoko that it had reviewed the Second Amazon Report and removed the content associated with the ASINs: B0732TJ28S and B0732NFV3Y listings on which Defendants sold the Infringing Product.

38. On or about August 4, 2017, Defendant Silverhooks filed a counter-notice with Amazon regarding the First and Second Amazon Reports, which was provided to Smoko on August 4, 2017. Therein, Silverhooks admitted that Trend Nation is the parent company of Silverhooks. A true and accurate copy of the counter notice is attached as **Exhibit F**.

39. Upon information and belief, at all times since Smoko put the Defendants on notice as to Smoko's Slipper Design in July 2017, Defendants continued to advertise and sell the Infringing Product on their own websites and through Wal-Mart's website.

## Claim for Relief
## Copyright Infringement under 17 U.S.C. § 101 et seq.

40. Plaintiff repeats and realleges by reference each and every allegation contained in the paragraphs above.

41. Smoko's Slipper Design and Slipper Copyrights have never been dedicated to the public.

42. At all times pertinent to this Complaint, Plaintiff has been, and still is, the owner of all right, title, and interest in and to the Slipper Design and Slipper Copyrights. Smoko has never assigned, licensed, or otherwise transferred any of these rights, including its copyrights, to Defendants; nor has Smoko ever authorized Defendants to copy, distribute, or license the Slipper Design or Slipper Copyrights.

43. Defendants have directly, vicariously, and/or contributorily infringed Smoko's rights to the Slipper Design protected by the Slipper Copyrights (U.S. Copyright Registration Nos. VA 2-022-730 [2-D Design], VA 2-034-064 [3-D Design]), by reproducing, displaying, or distributing unauthorized copies of the Slipper Design in violation of 17 U.S.C. § 501 *et seq.*

44. Defendants either directly or indirectly, copied Smoko's Slipper Design for their own commercial gain to the unjust exclusion of Smoko.

45. By its acts complained of herein, Defendants have infringed the copyrights in the Slipper Copyrights in violation of §§ 106 and 501 of the Copyright Act, 17 U.S.C. § 101, *et seq.*

46. Defendants' infringement of Smoko's rights in and to each of the copyrighted works each constitutes a separate and distinct act of infringement.

47. Upon information and belief, Defendants knew or should have known that their acts constituted copyright infringement.

48. Defendants' conduct was willful within the meaning of the Copyright Act.

49. Smoko has been damaged by Defendants' conduct, including, but not limited to economic losses. Smoko continues to be damaged by such conduct, and has no adequate remedy at law to compensate Smoko for all the possible damages stemming from Defendants' conduct.

50. Because of the willful nature of Defendants' conduct, Smoko is entitled to an award of statutory damages for each instance of copyright infringement by Defendants, in lieu of recovery of exemplary damages, attorney's fees, and all associated costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests entry of judgment against Defendants finding as a matter of law and fact as follows:

A. Defendants have willfully infringed Plaintiff's rights in the copyrighted designs of the Slipper Design.

B. Defendants, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them, including any and all third-party manufacturers, distributors and suppliers who receive actual notice of the Order or Judgment by any method:

   i. be permanently enjoined and restrained from copying, reproducing, using, selling, manufacturing, advertising, or promoting copies of the Slipper Design or any design substantially similar thereto;

   ii. be permanently enjoined and restrained from copying, reproducing, using, selling, manufacturing, or creating derivative works based upon the Slipper Design or any design substantially similar thereto; and

      iii.      be ordered to surrender to Smoko all Infringing Products or other garments or materials in its possession, custody or control displaying, copying, and/or bearing the Slipper Design or any design substantially similar thereto.

    C.    Defendants are ordered to send written notice, approved by the Court, to each licensee, manufacturer, supplier, distributor, wholesaler, retailer, or any other party who manufactured or sold the Infringing Products, or manufactured or sold other products bearing the Slipper Design, with a copy of each such written notice to be furnished to Smoko:

      i.      requesting that the recipient surrender to Smoko all products bearing the Slipper Design in its possession, custody or control; and

      ii.      advising the recipient that pursuant to the judgment of this Court, Defendants have been enjoined from copying, reproducing, using, selling, manufacturing, advertising, or promoting copies of the Slipper Design or authorizing any third party to copy, reproduce, use, sell, manufacture, advertise, or promote copies of the Slipper Design.

    D.    Defendants destroy all Infringing Products, materials, documents, catalogues, or advertisements bearing the Slipper Design in Defendants' possession, custody and control pursuant to 17 U.S.C. § 503.

    E.    Defendants remove all webpages, web links, photographs or advertisements bearing the Slipper Design from any website that it controls or contributes to.

    F.    Defendants are required to pay all profits realized by Defendants as a result of its unlawful infringing acts as complained of herein pursuant to 17 U.S.C. § 504.

    G.    Defendants are required to compensate Smoko for all actual damages suffered as a result of Defendants' unlawful infringing acts complained of herein pursuant to 17 U.S.C. § 504.

    H.    In the alternative, Defendants are required to pay Smoko statutory damages pursuant to 17 U.S.C. § 504, and said statutory damages shall be in the amount of $150,000 per

registration infringed as enhanced as a result of Defendants' willful infringing acts as complained of herein.

  I. Smoko be awarded its costs, expenses and reasonable attorney's fees incurred in bringing this action pursuant to 17 U.S.C. § 505.

  J. Defendants file with the Court, and serve upon Smoko's counsel, within thirty (30) days after the entry of the judgment, a report under oath setting forth in detail the manner in which Defendants have complied with such judgment.

  K. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, pursuant to Fed.R.Civ.P. 38, demands trial by jury on all issues triable to a jury.

Dated: August 18, 2017  
   White Plains, New York

Respectfully submitted,

By: _____  
Cameron S. Reuber (CR 7001)  
Peter T Busch (PB 5720)  
LEASON ELLIS LLP  
One Barker Avenue, Fifth Floor  
White Plains, New York 10601  
Phone: (914) 288-0022  
Fax:  (914) 288-0023  
Email: reuber@leasonellis.com  
Email: busch@leasonellis.com  

*Attorneys for Plaintiff*